**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Plaintiffs

v.

CONSOLIDATED BUILDERS OF DULUTH, INC.,

Defendant.

Civ. No. 01-1256 DDA/RLE

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

---

This matter was heard before the undersigned on the 9th day of October, 2001. Scott B. Crossman of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on July 11, 2001.

2. Defendant Consolidated Builders of Duluth, Inc. ("Consolidated Builders") was served with a Summons and Complaint in this matter on July 16, 2001.

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, as the administrative agent designated by the Trustees.

FILED OCT 0 9 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 0 9 2001
DEPUTY CLERK

5. Defendant accepted and agreed to be bound by certain a Collective Bargaining Agreement with the Laborers Local #1091 Duluth, Minnesota. The Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendant submitted the reports for the months of May through October, 2000, but failed to timely pay the contributions owing. According to the reports submitted by Defendant, fringe benefit contributions are owing in the amount of $2,650.08.

7. The Collective Bargaining Agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions known to be owing at this time for the months of May through October 2000 is $265.01.

8. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney's fees and costs of this action.

9. The fair and reasonable value of attorney's fees and costs incurred by the Plaintiffs in this action is $1,025.64.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant owes at least $2,650.08 in fringe benefit contributions for the months of May through October 2000.

3. Defendant owes at least $265.01 in liquidated damages for the months of May through October 2000.

4. Defendant is entitled to a credit of $1,274.14 for the payment made.

5. Defendant is liable for the Plaintiffs attorney's fees and costs, in the amount of $1,025.64.

**ORDER**

**IT IS ORDERED:**

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment against Defendant Consolidated Builders of Duluth, Inc. for $2,666.59.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 9, 2001.

DONALD D. ALSOP, Senior Judge
United States District Court